**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gingerbread House, Inc., | CV 11-8126-PCT-PGR |
| Plaintiffs, | |
| v. | **ORDER** |
| Montana Builders, LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiff Gingerbread House's motion for entry of default judgment. (Doc. 16.)

On August 17, 2009, Defendant Montana Builders entered into a contract with the United States to furnish materials and perform labor for the construction of the Pine Flat Camp Ground Project. (Doc. 1, ¶ III.) On August 26, 2009, Montana Builders, as principal, and Defendant Surety Partners delivered their bond to the United States as required by the Miller Act, 40 U.S.C. § 3133. (*Id.*, ¶ VI.) On October 6, 2009, Gingerbread House entered into a contract with Montana Builders. (*Id.*, ¶ VII.)

Gingerbread House furnished labor and equipment under the contract. (*Id.*, ¶ VIII.) The reasonable and agreed value of such labor was $281,329, of which Montana Builders has paid $250,745, leaving a balance due of $30,584. (*Id.*) Gingerbread House performed extra labor and provided additional materials with a reasonable value of $7,021.50, which Montana Builders has not paid. Payment was due August 20, 2010. (*Id.*)

1    On August 15, 2011, Gingerbread House filed a complaint under the Miller Act. (Doc.
2 1.) Defendants failed to answer and on December 2, 2011, default was entered under Federal
3 Rule of Civil Procedure 55(a). (Doc. 14.) Gingerbread House now moves for default
4 judgment. (Doc. 16.)

5    After a default has been entered and the defendant fails to appear or move to set aside
6 the default under Rule 55(c), the Court may, on the plaintiff's motion, enter a default
7 judgment. Fed. R. Civ. P. 55(b)(2). Granting default judgment is within the Court's sound
8 discretion. *See Albade v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Court may
9 consider such factors as the possibility of prejudice to the plaintiff, the merits of the
10 substantive claim, the sufficiency of the complaint, the sum of money at stake, the possibility
11 of a dispute concerning material facts, whether the default was due to excusable neglect, and
12 the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72
13 (9th Cir. 1986).

14    In considering these factors, all factual allegations in the plaintiff's complaint are
15 taken as true, except those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d
16 915, 917–18 (9th Cir. 1987). A plaintiff is required to prove all damages sought in the
17 complaint.

18    Taking the allegations in the complaint as true, as required by Defendants' default,
19 the Court finds that Gingerbread House is entitled to default judgment under the factors set
20 forth in *Eitel*, 782 F.2d at 1471–72. The claim is meritorious. Gingerbread House will be
21 prejudiced and potentially left without recourse for recovery if default judgment is denied.
22 There are no disputes concerning the relevant facts. It is unlikely that Defendants' default is
23 the result of excusable neglect.

24    Gingerbread House seeks judgment of in the amount of $39,130.18, consisting of the
25 principal sum of $37,605.50, $1094.68 for attorneys' fees, and $430.00 in costs. (Doc. 16.)
26 In support, Gingerbread House has submitted counsel's affidavit and statements of costs and
27 fees. (Docs. 12, 13, Exs. 1, 2.) The Court finds that these amounts are reasonably calculated
28

1  and sufficient to prove Plaintiff's damages.

2  Accordingly,

3  IT IS ORDERED granting Gingerbread House's motion for entry of default judgment
4  (Doc. 16) against Montana Builders, LLC, and Surety Partners, LLP, in the amount of
5  $39,130.18, consisting of the principal sum of $37,605.50, $1094.68 for attorneys' fees, and
6  $430.00 in costs.

7  IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment
8  accordingly.

9  DATED this 28th day of March, 2012.

_____
Paul G. Rosenblatt
United States District Judge